UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DINA AUTERO,

    Plaintiff,

v.                                                    Case No. 8:17-cv-408-T-AAS

NANCY A. BERRYHILL, Deputy
Commissioner of Operations,
Social Security Administration,

    Defendant.
_____/

## ORDER

Dina Autero moves for an award of attorney's fees, which the Commissioner does not oppose. (Doc. 23). Ms. Autero requests $6,494.07 in attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. Section 2412. The EAJA permits awards for reasonable attorney's fees to a prevailing party against the United States. 28 U.S.C. § 2412. Ms. Autero's $6,494.07 in attorney's fees is the result of 33 hours her attorney Jeanette Kelley completed at a $196.79 hourly rate. (Doc. 23, p. 2).[1]

The September 6th order reversed and remanded the Commissioner's final decision under sentence four of 42 U.S.C. Section 405(g) for further administrative proceedings. (Doc. 21). The Clerk entered judgment in Ms. Autero's favor shortly

---

[1] In her motion for attorney's fees, Ms. Autero states attorney Jeanette Kelley completed her services in 2017. (Doc. 23, p. 2). But Ms. Kelley's itemization of services includes work completed in 2018. (Doc. 23-1, p. 2). Because Ms. Autero requested no higher hourly rate for Ms. Kelley's services in 2018, her attorney's fees award includes no higher hourly rate for Ms. Kelley's services in 2018.

1

after. (Doc. 22). Ms. Autero now requests an award of attorney's fees under the EAJA because she was the prevailing party. (Doc. 23).[2]

The Commissioner does not contest the following: Ms. Autero is the prevailing party; Ms. Autero's net worth was less than $2 million when she filed her complaint; the Commissioner's position was not substantially justified; no special circumstances make an attorney's fees award unjust; and Ms. Autero's attorneys fees request is unreasonable. A court should grant a Social Security claimant's request for attorney's fees when it is unopposed. *See Jones v. Colvin*, No. 8:13-CV-2900-T-33AEP, 2015 WL 7721334 (M.D. Fla. Nov. 30, 2015) (awarding unopposed attorney's fees request). Therefore, Ms. Autero is entitled to $6,494.07 in attorney's fees.

Attorney's fees awarded to a claimant under the EAJA can be offset to satisfy the claimant's pre-existing debt to the United States. *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010). Following this order, the United States Department of the Treasury will determine whether Ms. Autero owes a debt to the United States. Ms. Autero also assigned her rights to EAJA fees to her attorney. (Doc. 23-2). So, if Ms. Autero has no federal debt, the United States will accept Ms. Autero's assignment of EAJA fees and pay the fees directly to her counsel.

---

[2] The United States and its agencies and employees have sixty days to appeal a judgment. Fed. R. App. P. 4(a)(1)(b); 26(a)(1). The sixty-day appeal period for Ms. Autero's judgment expired November 6, 2018, at which point judgment became final. A party moving for attorney's fees under the EAJA must do so within thirty days of final judgment. 28 U.S.C. § 2412(d)(1)(B); Fed. R. Civ. P. 6(a)(1). Ms. Autero's deadline for moving for attorney's fees under the EAJA fees is December 7, 2018. Therefore, the court has jurisdiction to award Ms. Autero's requested fees.

The Commissioner does not oppose Ms. Autero's request for attorney's fees. The following is therefore **ORDERED:**

1. Ms. Autero motion for attorney's fees under the EAJA, (Doc. 23) is **GRANTED.**

2. Ms. Autero is awarded **$6,494.07** in attorney's fees under the EAJA.

**ENTERED** in Tampa, Florida, on November 27, 2018.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge